IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERRY S. DICKASON                                                              PLAINTIFF

v.                          Civil No. 12-2219

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Sherry Dickason, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her application for SSI on April 21, 2010, alleging an onset date of August 28, 1990[1], due to fibromyalgia, high blood pressure, obesity, post traumatic stress disorder, depression, and anxiety. Tr. 29, 106-110, 129, 133, 156-157, 178-184. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 59-60. An administrative hearing was held on January 19, 2011. Tr. 26-58. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 49 years old and possessed a high school education and had completed some college course work. Tr. 29, 130. She had no past relevant

---

[1] SSI benefits are not payable for a period prior to the filing date of Claimant's application, April 21, 2010. *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

work "(PRW") experience. Tr. 19, 131, 148-155. Records indicate that Plaintiff had been on disability between 1992 and 2007, having lost SSI benefits due to her husband's income. Tr. 29, 32.

On March 1, 2011, the ALJ found Plaintiff's fibromyalgia syndrome, obesity, depressive disorder, post-traumatic stress disorder ("PTSD"), and panic disorder with agoraphobia to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12-14. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to perform

> sedentary work as defined in 20 CFR 416.967() except she can occasionally climb, balance, stoop, kneel, crouch, and crawl. Further, the claimant is limited to work where interpersonal contact is incidental to the work performed; where the complexity of tasks is learned and performed by rote, with few variables and little judgment required; and where supervision required is simple, direct, and concrete.

Tr. 14. The ALJ then concluded that Plaintiff could perform work as a machine tenderer, assembler, and surveillance system monitor. Tr. 20.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on July 18, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 6, 7.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

II.     **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC assessment as it pertains to Plaintiff's mental limitations. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

The evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996).

Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

In the present case, the ALJ dismissed the only mental RFC from a treating source, Plaintiff's counselor, in favor of the assessment of a one-time consultant. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the Plaintiff once or not at all does not generally constitute substantial evidence). He did not, however, provide a valid reason for said dismissal as we find that the treatment records do not distract from the assessment.

On November 26, 2010, Plaintiff underwent a diagnostic evaluation with Donna Hunter, a Licensed Social Worker at Western Arkansas Counseling and Guidance Center ("WACGC"). Tr. 379-382. She reported no social network beyond her immediate family, debilitating pain since age 17, and the inability to do things she previously enjoyed. Plaintiff admitted to a history of polysubstance use and dependency, stating that she had last used marijuana two weeks prior.

5

Ms. Hunter noted slow, retarded, motor behavior; drowsiness; apprehension; mild distress; delusions of persecution by her peers; poor organization; average intellect; fair judgment; and, fair insight. She rated Plaintiff's limitations with regard to community resources as moderately serious and her productivity and work limitations as very serious. She diagnosed Plaintiff with PTSD, panic disorder with agoraphobia, and major depressive disorder, and recommended individual therapy once per month.

On December 2, 2010, Plaintiff returned to WACGC reporting difficulty functioning both physically and emotionally, and acknowledged concern about her upcoming disability hearing and her ability to obtain physical and chronic pain treatment. Tr. 383. She had reportedly been to a clinic in Clarksville, but they had not prescribed pain medication. They did, however, change her antidepressant. Plaintiff reported that she felt as though she were in a long hallway leading to nowhere with people trying to "get" at her. Ms. Hunter diagnosed Plaintiff with PTSD, panic disorder with agoraphobia, and major depression. She asked Plaintiff to try stepping outside for at least one minute three times a week. Plaintiff stated that the thought of doing so caused her to become overwhelmed with daily living. Although Ms. Hunter noted lethargy in movement and a flat affect.

On December 12, 2010, Plaintiff's symptoms included negative self talk, anxiety and panic, and flashback experiences. Tr. 384-387. Treatment notes indicate that she presented with significant anxious and depressive symptoms and would benefit from both therapy and medication management. It was noted that Plaintiff had been engaged in individual therapy at WACGC in the past with limited progress. Ms. Hunter diagnosed her with PTSD, panic disorder with agoraphobia, and major depressive disorder. She noted that Plaintiff's disorder resulted in

6

function impairment which substantially interfered with or limited her functioning in one or more major life areas (family, school, community, et.). Further, Ms. Hunter found Plaintiff lacked any productive role; suffered from a severe impairment in her main productive roles (i.e., missing a full day of work/month as a result of mental health); and, suffered from substantial interference with or limited functioning in basic daily living skills.

On January 7, 2011, Ms. Hunter completed a mental RFC assessment indicating that as of November 19, 2010, Plaintiff had no useful ability to maintain attention and concentration for extended periods, complete a normal workday and workweek without interruptions from psychologically based symptoms, behave in an emotionally stable manner, and work without deterioration or decompensation causing exacerbation of symptoms or adaptive behaviors. Tr. 401.

On January 14, 2011, Ms. Hunter completed a more detailed mental RFC assessment, again dating back to November 19, 2010, indicating that Plaintiff had no useful ability to maintain attention and concentration for extended periods, make simple work-related decisions, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting, demonstrate reliability, work without deterioration or decompensation causing the individual to withdraw from the situation, and work without deterioration or decompensation causing exacerbation of symptoms or adaptive behaviors. She indicated that her assessment was based on patient history and clinical observation, signs, and

symptoms. And, Ms. Hunter noted that Plaintiff's diagnoses included PTSD and anxiety with agoraphobia. Tr. 208-210, 388-389, 400-401.

Accordingly, we believe that remand is necessary for the ALJ to reconsider Ms. Hunter's assessment. Should the ALJ have questions concerning how and/or why Ms. Hunter arrived at her conclusions, he is directed to recontact Ms. Hunter for clarification of her assessment. 20 C.F.R. § 416.912(e) (treating physicians or psychologists will be recontacted by the Commissioner when the medical evidence received from them is inadequate to determine a claimant's disability).

### IV.   Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of October 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)